648

FRANCIS CLAYTON PALMER, Appellant, v. SHERIFF,
WHITE PINE COUNTY, NEVADA, Respondent.

No. 10309

December 22, 1977                    572 P.2d 218

*E. R. Miller, Jr.,* Ely, for Appellant.

*Robert List,* Attorney General, Carson City; *Rupert C. Schneider,* District Attorney, White Pine County, for Respondent.

**OPINION**

*Per Curiam:*

An information, filed in the district court on September 9, 1977, charged Francis Clayton Palmer, and others, with aiding and abetting in a burglary. The court minutes reflect that on that date the district judge scheduled Palmer's arraignment for "Tuesday, October 4, 1977, at the hour of 2:30 p.m."

On October 3, 1977, the day prior to the scheduled arraignment, counsel for Palmer filed a pretrial petition for habeas corpus which challenged the validity of the information. At the hearing on the habeas petition the district judge did not resolve the habeas challenge to the information; instead, he denied the requested relief because the petition had not been filed within "the 21 days required under the Nevada statutes." In this appeal Palmer contends the district judge committed reversible error. We agree.

NRS 34.375(1)(a) requires that a pretrial petition for a writ of habeas corpus be "filed within 21 days *after the first appearance of the accused in the district court; . . .*" [Emphasis added.]

We have previously held that an "arraignment refers to the initial appearance of a defendant in the district court *after an . . . information has been filed.*" Pinana v. State, 76 Nev. 274, 286, 352 P.2d 824, 831 (1960). [Emphasis added.] Thus, the phrase "first appearance of the accused in the district court" as used in NRS 34.375(1)(a), must be interpreted to be the appearance of the accused for arraignment.

Accordingly, we reverse the district court's order and instruct that court to consider and resolve the merit of Palmer's habeas petition.